UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NUMBER: 1: 02MS00295 |
| Petitioner, | : | JUDGE: THOMAS F. HOGAN |
| v. | : | |
| KPMG LLP, | : | |
| Respondent. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## RESPONDENT KPMG LLP'S OBJECTIONS TO AND MOTION TO MODIFY THE SPECIAL MASTER'S REPORTS AND RECOMMENDATIONS

Pursuant to Fed. R. Civ. P. 53, KPMG LLP ("KPMG") seeks an order modifying the Reports and Recommendations made by Special Master Patrick J. Attridge on January 27, 2003 and October 10, 2003 regarding the privileged documents related to the January 28, 2002 summons, ("the FLIP/OPIS summons"). The bases for this motion are set forth in the accompanying Memorandum and Specific Objections.

Pursuant to Local Civil Rule 7.1(m), prior to filing this motion, KPMG's counsel sought the Government's counsel's consent to the relief sought herein. The Government's counsel declined to consent.

Respectfully submitted,

KING & SPALDING LLP

By: _/s/ John M. Bray_____
　　John M. Bray

A Member of the Firm
1730 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4706

KRONISH LIEB WEINER & HELLMAN LLP

By: _/s/ Stephen D. Gardner_____
　　Stephen D. Gardner

A Member of the Firm
1114 Avenue of the Americas
New York, New York 10036-7798

(202) 737-0500                          (212) 479-6000

Attorneys for KPMG LLP            Attorneys for KPMG LLP


OF COUNSEL:

Steven Gremminger
Associate General Counsel
KPMG LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                 :     CASE NUMBER:  1: 02MS00295

       Petitioner,              :     JUDGE:  THOMAS F. HOGAN

      v.                          :

KPMG LLP,                                 :

       Respondent.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONDENT'S MEMORANDUM IN SUPPORT OF
OBJECTIONS TO
REPORTS AND RECOMMENDATIONS**

    Pursuant to Fed. R. Civ. P. 53, KPMG LLP ("KPMG") respectfully submits this

memorandum in support of Objections to the Initial Report and Recommendation of Special

Master Attridge, filed January 27, 2003 (the "Initial Report"), and the Report and

Recommendation, filed October 10, 2003 (the "Second Report") (the Initial Report and the

Second Report, collectively, the "Reports").  In an effort to streamline the matters that are within

KPMG's power to resolve without further litigation, and to bring these matters to conclusion,

KPMG is filing only those objections that it believes it has an obligation to its clients to assert

(*i.e.*, the clients' 26 U.S.C. § 7525 privilege and the clients' attorney-client privilege).[1]  KPMG is

not objecting to any of the Special Master's recommendations with respect to KPMG's own

---

[1]   KPMG is contacting its clients whose privilege claims are at issue to allow those clients
the opportunity to reflect on the content of the Reports and to determine whether the clients will
allow KPMG to withdraw objections.  KPMG will promptly produce the documents of clients
who agree that KPMG may withdraw the objections made on their behalf by KPMG herein.
KPMG will endeavor to complete this undertaking by January 15, 2004.  In addition, in certain
instances, KPMG has been informed by clients not to assert privilege.  Those documents have
been produced to the government and are not addressed here.

claims of privilege. Moreover, KPMG will produce the documents for which KPMG claimed its own privilege, but which the Special Master determined not to be privileged, promptly upon entry of an order by the Court requiring such production, and KPMG will not object to such an order. The legal basis for the objections to the Special Master's Reports is set forth below.

## PRELIMINARY STATEMENT

In the Reports, the Special Master ruled on KPMG's assertion of privilege on behalf of its clients. The Special Master separated these documents into three categories, ruling that two (KPMG Opinions and Client Representation Letters (and related documents)) were not protected by any privilege and that a third category (Brown & Wood and other law firm opinions) were protected by the attorney-client privilege. As the steward of its clients' privileges, KPMG believes that it is required to object to the Special Master's determinations of "non-privilege" with respect to KPMG's clients' documents. Contemporaneously herewith, KPMG is serving and filing its Objections to the Reports and Recommendations of the Special Master (the "Objections").

## PROCEDURAL BACKGROUND

Between January and May 2002, the Internal Revenue Service ("IRS") served 25 summonses upon KPMG seeking documents and interviews. In response, KPMG produced more than 680 boxes of documents totaling over 1.3 million pages, and numerous witnesses. As to the FLIP/OPIS Summons, KPMG provided a detailed privilege log with approximately 1300 entries.

The Government commenced this action seeking enforcement of nine of the summonses. KPMG submitted in its opposition papers seven declarations and other evidence to substantiate the FLIP/OPIS privilege claims. Although the Government's Petition raised the privilege issue only in passing, it was the main focus of the Government's Reply brief.

2

The Court undertook an *in camera* review of 30 randomly selected documents, and then issued its Opinion. The documents it considered as to which KPMG asserts privilege on behalf of its clients fall into two categories: letter opinions concerning tax advice issued by KPMG (and related documents), and letter opinions concerning tax advice issued by a law firm (and related documents). As to the former, the Court said that it could not determine whether the exclusion of 26 U.S.C. § 7525(b) (concerning corporate tax shelters) applies. The Court found that, in the absence of "any indication or evidence by KPMG to the contrary," the KPMG opinion letters appear to have been "prepared in conjunction with preparation of a tax return." Yet as to law firm opinions of the same nature, the Court said that those documents *did* appear to be privileged. The Court then referred the FLIP/OPIS Privilege Log matter to Special Master Patrick J. Attridge, Opinion, 237 F. Supp. 2d at 48, who issued an Initial Report on January 27, 2003. Thereafter, on April 30, 2003, KPMG provided the Special Master *in camera* with seven supplemental declarations addressing the FLIP/OPIS privileged documents.[2] On October 10, 2003, the Special Master filed the Second Report.

## ARGUMENT

## I. THE RECOMMENDATIONS REGARDING PRIVILEGE ARE SUBJECT TO *DE NOVO* REVIEW

Objections to a special master's findings of fact and conclusions of law are reviewed *de novo*. Fed. R. Civ. P. 53(g)(3)-(4) (effective December 1, 2003). They should be reviewed by this Court *de novo*.

---

[2] On April 15, 2003, in accordance with an agreement between KPMG and the Government, KPMG provided the Government with detailed privilege logs regarding the production made in response to the remaining summonses. KPMG has also supplemented previously-served logs to reflect later-discovered privileged documents. The Government has not indicated that it objects to any of those assertions of privilege. KPMG is willing to voluntarily meet and confer with the Government to resolve any issues concerning the privilege logs for the remaining summonses or the additional entries to the FLIP/OPIS privilege log.

3

II.   **THE DOCUMENTS AS TO WHICH KPMG ASSERTS PRIVILEGE ON BEHALF OF ITS CLIENTS ARE PROTECTED FROM DISCLOSURE BY 26 U.S.C. § 7525 AND/OR THE ATTORNEY-CLIENT PRIVILEGE**

        The privileges which KPMG asserts on behalf of its clients are the 26 U.S.C. § 7525 privilege and/or the attorney-client privilege. KPMG's objections with respect to nearly all of these documents can be categorized based on several legal principles as described in Sections A through C below, with the vast majority of documents covered by Section A.

   A.   **The Special Master Erroneously Determined That Tax Opinion Letters And Other Documents Related To Tax Opinions Are Not Protected By The 26 U.S.C. § 7525 Privilege**

        The Special Master erroneously concluded that 26 U.S.C. § 7525 does not preclude the disclosure of dozens of KPMG opinion letters, client representation letters and related documents. This conclusion rests on the incorrect belief that tax opinion letters are (1) a direct part of the tax return preparation process and/or (2) would inevitably be produced to the IRS voluntarily in the event of an audit. Yet as described below, those opinions are not part of the return preparation process. Opinion letters are confidential communications to KPMG clients providing the tax law advice they will use to make informed decisions about the potential tax consequences of certain transactions. Thus, they reflect confidential tax advice that fits squarely within the protections afforded under 26 U.S.C. § 7525. Therefore, the KPMG opinion letters (and related documents) are privileged and should be not be produced, and the Master's recommendation that they be deemed not privileged should be rejected.

        1.   <u>Findings Of The Special Master</u>

        On behalf of its clients, KPMG asserted the 26 U.S.C. § 7525 privilege for both the KPMG opinion letters and for the clients' representation letters. KPMG similarly asserted privilege for documents related to the opinions and the representation letters in cases where the

documents contained portions of or reflected the information in the opinions or representation letters. The Special Master rejected these claims for the KPMG opinion letters and representation letters, herein designated as Category 1 [representation letters][3] and Category 2 [opinion letters][4].

The Special Master's final Report and Recommendation also erroneously rejects the assertion of privilege for documents containing portions of the KPMG opinion or representation letters, internal KPMG e-mails discussing changes to the KPMG opinion letter, and editorial changes to the KPMG opinion letter requested by a client. *See Second Rep.*, at pp.

---

[3]    Documents 13, 16, 19, 22, 26, 29, 32, 35, 38, 41, 44, 44, 48, 57, 60, 62, 65, 68, 71, 74, 80, 84, 87, 90A, 95, 98, 101, 110, 113, 117, 123, 127, 130, 138, 141, 144, 148, 152, 155, 157, 158, 162, 166, 173, 176, 181, 184, 187, 190, 194, 196, 200, 203, 206, 209, 215, 218, 230, 232, 236, 239, 242, 245, 248, 249, 252, 255, 258, 259, 262, 265, 268, 271, 274, 285, 288, 295, 297, 299A, 303, 308, 314, 343, 346, 359, 360, 361, 362, 365, 367, 372, 378, 380, 381, 385, 389, 394, 409, 412, 415, 420, 423, 426, 429, 432, 435, 438, 443, 451, 454, 458, 461, 465, 466, 467, 468, 469, 475, 476, 477, 478, 481, 482, 485, 488, 494, 497, 501, 502, 503, 504, 505, 506, 507, 508, 517, 518, 521, 526, 528, 533, 535, 537, 545, 546, 553, 561, 562, 564, 567, 572, 575, 579, 581, 591, 594, 601, 609, 610, 611, 612, 613, 615, 616, 617, 618, 620, 637, 638, 640, 648, 650, 651, 657, 659, 660, 662, 666, 669, 672, 676, 676, 677, 678, 688, 689, 696, 707, 714, 715, 718, 719, 723, 726, 727, 728, 731, 740, 745, 747, 748, 750, 753, 754, 755, 758, 759, 762, 765, 768, 770, 771, 773, 780, 782, 783, 784, 785, 786, 787, 790, 791, 794, 800, 801, 803, 807, 808, 811, 817, 820, 823, 824, 826, 828, 829, 830, 836, 838, 841, 843, 859, 885, 905, 919, 942, 946, 961, 964, 986, 1034, 1040, 1041, 1042, 1061, 1063, 1064, 1065, 1067, 1281, 1282, 1283, 1285 and 1290.

[4]    Documents 2, 3, 7A, 8, 9, 10, 12, 14, 17, 20, 23, 24, 27, 30, 33, 36, 39, 42, 45, 49, 53, 58, 60A, 63, 66, 69, 72, 75, 78, 81, 85, 88, 91, 96, 99, 102, 111, 114, 118, 124, 128, 131, 139, 142, 145, 149, 153, 156, 159, 163, 167, 169, 174, 177, 182, 185, 188, 191, 195, 197, 201, 204, 207, 210, 216, 219, 222, 224, 227, 228, 229, 231, 233, 237, 240, 243, 246, 250, 253, 256, 260, 263, 266, 269, 272, 275, 286, 289, 293, 294, 296, 298, 300, 306, 312, 315, 331, 332, 334, 341, 344, 348, 358A, 364, 366, 376, 382, 387, 390, 396, 403, 405, 410, 413, 416, 421, 424, 427, 430, 433, 436, 439, 444, 448, 452, 455, 459, 462, 470, 472, 474, 479, 483, 486, 489, 491, 495, 498, 509, 511, 516, 520, 529, 544, 554, 560, 580, 582, 589, 593, 596, 598, 600, 649, 658, 663, 665, 668, 671, 675, 690, 697, 706, 708, 717, 720, 721, 725, 737, 741, 742, 744, 746, 751, 756, 760, 761, 763, 764, 766, 767, 769, 772, 774, 781, 788, 792, 795, 797, 799, 809, 812, 813, 825, 827, 831, 832, 834, 837, 840, 844, 883, 884, 894, 903, 904, 906, 906A, 906B, 912, 913, 918, 920, 923, 926, 927, 930, 943, 963, 965, 969, 972, 974, 991, 1005, 1008, 1011, 1043, 1051, 1053, 1055, 1059, 1062, 1129, 1130, 1162, 1275, 1276, 1277, 1278, 1279, 1280, 1284, 1286, 1287, 1288, 1289 and 1291.

30-32, 35-36, 40-41, 44, 47, 64-65 (discussing Documents 60A, 171, 218, 392, 542, 543[5], 546,

779A , 872, 878, 915, 917, 929[6], and 1003.)

### 2.    The Special Master Incorrectly Found Tax Opinion Letters And Related Documents As Communications Related To Tax Preparation

The Special Master found that the Category 1 and Category 2 documents (and

other associated documents) are not privileged under 26 U.S.C. § 7525, erroneously concluding

that they were prepared in conjunction with the preparation of a tax return. *Initial Rep.* at pp. 2-

6. This conclusion is erroneous because there is no basis to conclude that a document that

provides confidential tax advice is prepared directly in conjunction with the reporting on a tax

return. Nor is there any basis to conclude that Congress intended all tax advice to be

unprivileged. Such conclusions would vitiate § 7525. Such confidential communications

concerning the federal income tax consequences of past or intended future investment

transactions or past transactions when made by attorneys are generally privileged under common

law. The common law limitation on privilege regarding tax return preparation applies only to

facts communicated to a return preparer directly for the tax return preparation function. Such

communications are not accorded the same protection as communications like those in issue,

which seek or provide confidential legal advice about tax law or transactions. These latter

communications enjoy a common law privilege when made with an attorney, and which, after

enactment of § 7525, are privileged when made with a federally authorized tax practitioner. *See*

---

[5]     The Special Master recommended that two sentences in Document 543 discussing the Brown & Wood opinion letter be redacted. However, the entire document should be protected from production because the remainder of the document involves portions of the KPMG Opinion Letter and is protected by § 7525.

[6] The Special Master recommended that two sentences in Document 929 discussing the Brown & Wood opinion letter be redacted. However, the entire document should be protected from production because the remainder of the document involves portions of the KPMG Opinion Letter and is protected by § 7525.

*In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000); *United States v. Frederick*, 182 F.3d 496, 500 (7th Cir. 1999). Documents provided by a client in confidence to a tax lawyer or a federal tax practitioner for the purpose of preparing a brief or researching an issue for an opinion letter are sufficiently unconnected to or attenuated from the tax return preparation function and process that they are privileged. *Frederick*, 182 F.3d at 500. Opinion letters and briefs created based on confidential communications with clients are precisely the type of communications protected by the common law attorney-client privilege and 26 U.S.C. § 7525.

The mere fact that KPMG's clients' tax returns may be impacted as a result of the confidential tax advice they received from KPMG does not cause that confidential advice to recede to the common law tax preparation limitation on the attorney-client privilege or on the § 7525 federal tax practitioner privilege. *United States v. Arthur Andersen*, LLP, 273 F.Supp.2d 955, 960 n.4 (N.D. Ill. 2003), *modified on other grounds,* 2003 U.S. Dist. LEXIS 14228 (N.D. Ill. Aug. 15, 2003).

**3.      The Mere Possibility That The KPMG Opinion Letter Could Be Produced To The IRS By A Particular Taxpayer In The Event Of An Audit Does Not Change this Result**

A KPMG opinion letter does not lose its privileged status simply because it was provided to a KPMG client with the understanding that a client under some circumstances, might decide in the future to waive privilege and to provide it to the IRS in the event of an audit. Opinion letters are not documents that a taxpayer routinely provides to a tax preparer to be used directly for the purpose of preparing a tax return.

4.    **KPMG's Opinion Letters Should Be Accorded The Same Protection Under 26 U.S.C. § 7525 As The Brown & Wood LLP Opinion Letters**

The Special Master correctly concluded that tax opinions from the law firm of Brown and Wood LLP ("Brown & Wood") to various investors are covered by the attorney-client privilege. *Initial Rep.* at p. 6. Unless 26 U.S.C. § 7525 is ignored, the Master's conclusions as to Brown & Wood opinions would necessitate a conclusion that KPMG's opinion letters are privileged because (1) the nature, import and potential future uses of the Brown & Wood opinions are not distinguishable from those attendant to the KPMG opinion letters, (2) the Brown & Wood opinions and the KPMG opinions were confidentially communicated to KPMG's clients for comparable purposes, and (3) under 26 U.S.C. § 7525 a communication with respect to "tax advice" between a taxpayer and a "federally authorized tax practitioner" is privileged "to the extent the communication would be considered privileged communication if it were between a taxpayer and an attorney." 26 U.S.C. § 7525(a)(1).

Yet despite Congressional elevation of the federal tax practitioner privilege to correspond to the attorney-client privilege, the Special Master treated them differently by designating the KPMG opinion letters (and the other documents which contain or reflect portions of those opinions letters) as non-privileged. Thus, KPMG objects to his recommendation.

B.    **The Special Master Erred in Not Applying 26 U.S.C. § 7525's Protections to Implied Requests for Tax Advice**

The Special Master also erred when addressing documents 914, 393, and 1045, as he rejected the claim of privilege on behalf of the clients by failing to recognize that a communication containing an implied request for tax advice is entitled to 26 U.S.C. § 7525 privilege protection. Requests for legal advice are frequently not expressly made, but are implicit in the conversation. The attorney client privilege applies to each of these forms of

8

implied requests for legal advice.  Thus, the Master's finding on Documents 914, 393, and 1045 should be rejected.

**C.      The Special Master Erred in Finding That Neither 26 U.S.C. § 7525 nor the Attorney-Client Privilege Apply To Confidential Communications Involving Both KPMG and Brown & Wood**

The Special Master also erred when assessing the privileged nature of documents 1001 and 1048.  KPMG asserted its clients' attorney-client privilege over these documents.  In discussing these documents, however, the Special Master erroneously rejected KPMG's claim of privilege, in whole or in part, by failing to appreciate that the attorney-client privilege asserted was based not on an attorney-client relationship between Brown & Wood and KPMG; rather, it was based on the attorney-client relationship between Brown & Wood and a client represented by both Brown & Wood and KPMG.  Further, these communications remain protected under the attorney-client privilege despite KPMG's involvement in the communications because KPMG, Brown & Wood, and the common client shared the same "community of interest" at the time the communications were made.  *See Paul R. Rice, Attorney-Client Privilege in the United States* § 5:2, at 54-55 (2nd ed. 1999); *Continental Oil Co. v. U.S.*, 330 F.2d 347, 350 (9th Cir. 1964).  Documents 1001 and 1048, therefore, are protected from disclosure.

## **CONCLUSION**

For the above reasons, KPMG respectfully requests the Court to enter an Order modifying the Special Master's Reports in accordance with KPMG's Specific Objections and ordering that the documents covered by the Specific Objections (all of which address only the privilege claims of KPMG's clients) are protected from production by the 26 U.S.C. § 7525 privilege and/or the attorney-client privilege.

Respectfully submitted,

KING & SPALDING LLP          KRONISH LIEB WEINER & HELLMAN LLP


By:__/s/ John M. Bray_____          By:__/s/ Stephen D. Gardner_____
    John M. Bray              Stephen D. Gardner

A Member of the Firm          A Member of the Firm
1730 Pennsylvania Avenue, N.W.          1114 Avenue of the Americas
Washington, D.C. 20006-4706          New York, New York 10036-7798
(202) 737-0500          (212) 479-6000

Attorneys for KPMG LLP          Attorneys for KPMG LLP


Of Counsel:

Steven Gremminger
Associate General Counsel
KPMG LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                :     CASE NUMBER:  1: 02MS00295

                 Petitioner,     :     JUDGE:  THOMAS F. HOGAN

          v.                           :

KPMG LLP,                                :

                Respondent.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## RESPONDENT'S SPECIFIC OBJECTIONS TO THE
## SPECIAL MASTER'S REPORTS AND RECOMMENDATIONS

       Pursuant to Fed. R. Civ. P. 53, respondent KPMG LLP ("KPMG") respectfully submits these Specific Objections to the Initial Report and Recommendation, filed January 27, 2003 (the "Initial Report"), and the Report and Recommendation, filed October 10, 2003 (the "Second Report") (the Initial Report and the Second Report, collectively, the "Reports").  As set forth in the accompanying Memorandum of Law, KPMG does not object to the Special Master's Reports insofar as they relate to its own claims of privilege.  The objections set forth below are filed solely with respect to privilege claims of KPMG's clients.  If, after consultation, clients permit KPMG to withdraw such claims, documents covered by any such withdrawn objections will be promptly produced.  The basis for KPMG's Specific Objections to the Special Master's Reports is set forth below.

# I. DOCUMENTS FOR WHICH KPMG ASSERTS PRIVILEGE ON BEHALF OF ITS CLIENTS[1]

## A. KPMG Opinion Letters and KPMG Client Representations Letters Are Privileged Under the 26 U.S.C. § 7525 Privilege

The KPMG Client Representation Letters[2] are statements drafted by KPMG regarding

past financial transactions engaged in by named investors/taxpayers and include certain

representations as well as a summary of the tax advice contained in the KPMG tax opinion. The

KPMG Opinion Letters[3] contain not only the information contained in the KPMG Client

---

[1]     KPMG is asserting objections only as to the client-privileged documents which the Special Master recommended be produced. As a result, KPMG is not objecting if the Special Master upheld one of the asserted privileges and ordered the document to be withheld, even if he rejected one of the other asserted privileges. Similarly, KPMG has not addressed documents which this Court suggested may be covered by at least one privilege, but which the Special Master did not address in his Reports. To the extent the Government objects to the Special Master's recommendations on these documents, KPMG will address the other privilege claims, if necessary.

[2]     Documents 13, 16, 19, 22, 26, 29, 32, 35, 38, 41, 44, 44, 48, 57, 60, 62, 65, 68, 71, 74, 80, 84, 87, 90A, 95, 98, 101, 110, 113, 117, 123, 127, 130, 138, 141, 144, 148, 152, 155, 157, 158, 162, 166, 173, 176, 181, 184, 187, 190, 194, 196, 200, 203, 206, 209, 215, 218, 230, 232, 236, 239, 242, 245, 248, 249, 252, 255, 258, 259, 262, 265, 268, 271, 274, 285, 288, 295, 297, 299A, 303, 308, 314, 343, 346, 359, 360, 361, 362, 365, 367, 372, 378, 380, 381, 385, 389, 394, 409, 412, 415, 420, 423, 426, 429, 432, 435, 438, 443, 451, 454, 458, 461, 465, 466, 467, 468, 469, 475, 476, 477, 478, 481, 482, 485, 488, 494, 497, 501, 502, 503, 504, 505, 506, 507, 508, 517, 518, 521, 526, 528, 533, 535, 537, 545, 546, 553, 561, 562, 564, 567, 572, 575, 579, 581, 591, 594, 601, 609, 610, 611, 612, 613, 615, 616, 617, 618, 620, 637, 638, 640, 648, 650, 651, 657, 659, 660, 662, 666, 669, 672, 676, 676, 677, 678, 688, 689, 696, 707, 714, 715, 718, 719, 723, 726, 727, 728, 731, 740, 745, 747, 748, 750, 753, 754, 755, 758, 759, 762, 765, 768, 770, 771, 773, 780, 782, 783, 784, 785, 786, 787, 790, 791, 794, 800, 801, 803, 807, 808, 811, 817, 820, 823, 824, 826, 828, 829, 830, 836, 838, 841, 843, 859, 885, 905, 919, 942, 946, 961, 964, 986, 1034, 1040, 1041, 1042, 1061, 1063, 1064, 1065, 1067, 1281, 1282, 1283, 1285 and 1290.

[3]     Documents 2, 3, 7A, 8, 9, 10, 12, 14, 17, 20, 23, 24, 27, 30, 33, 36, 39, 42, 45, 49, 53, 58, 60A, 63, 66, 69, 72, 75, 78, 81, 85, 88, 91, 96, 99, 102, 111, 114, 118, 124, 128, 131, 139, 142, 145, 149, 153, 156, 159, 163, 167, 169, 174, 177, 182, 185, 188, 191, 195, 197, 201, 204, 207, 210, 216, 219, 222, 224, 227, 228, 229, 231, 233, 237, 240, 243, 246, 250, 253, 256, 260, 263, 266, 269, 272, 275, 286, 289, 293, 294, 296, 298, 300, 306, 312, 315, 331, 332, 334, 341, 344, 348, 358A, 364, 366, 376, 382, 387, 390, 396, 403, 405, 410, 413, 416, 421, 424, 427, 430, 433, 436, 439, 444, 448, 452, 455, 459, 462, 470, 472, 474, 479, 483, 486, 489, 491, 495, 498, 509,

Representation Letters but also a thorough and lengthy analysis of the tax issues and applicable

law. In his Initial Report and Recommendation, the Special Master applied the same analysis to

both sets of documents. The Special Master recommended that the KPMG Opinion Letters and

the KPMG Client Representation Letters be produced. Yet, as described in detail in Section

II.A. of the Memorandum of Law, KPMG submits that the Special Master erred in these

recommendations, because neither the KPMG Opinion Letters nor the KPMG Client

Representation Letters were prepared for the purpose of preparing a tax return. Just as the

Brown & Wood opinions are protected from disclosure by the attorney-client privilege, the

KPMG Opinion Letters and KPMG Client Representation Letters are protected from disclosure

pursuant to 26 U.S.C. § 7525.[4]

---

511, 516, 520, 529, 544, 554, 560, 580, 582, 589, 593, 596, 598, 600, 649, 658, 663, 665, 668, 671, 675, 690, 697, 706, 708, 717, 720, 721, 725, 737, 741, 742, 744, 746, 751, 756, 760, 761, 763, 764, 766, 767, 769, 772, 774, 781, 788, 792, 795, 797, 799, 809, 812, 813, 825, 827, 831, 832, 834, 837, 840, 844, 883, 884, 894, 903, 904, 906, 906A, 906B, 912, 913, 918, 920, 923, 926, 927, 930, 943, 963, 965, 969, 972, 974, 991, 1005, 1008, 1011, 1043, 1051, 1053, 1055, 1059, 1062, 1129, 1130, 1162, 1275, 1276, 1277, 1278, 1279, 1280, 1284, 1286, 1287, 1288, 1289 and 1291.

[4]     The Special Master made an additional error regarding the KPMG Opinion Letters and Representation Letters. Specifically, he adopted this Court's *tentative* conclusions regarding these documents (Documents 22, 44, 45, 159 and 823) without further examination and then applied this conclusion to all the documents in these categories. For example, in the Court's analysis of Document 22 (a KPMG Client Representation Letter), the Court noted that "there is no indication that Document 22 was written for a purpose other than preparation of a tax return." *Memo. Opinion* at 12-13. Based on this finding, the Court stated: "Accordingly, without further information, the Court cannot definitely state that the 26 U.S.C. § 7525 Confidentiality Privilege extends to this document." *Id.* at 13. The Court applied the same analysis to the remaining KPMG Client Representation Letters and the KPMG Opinion Letters. *Id.* at 12-15. The Special Master, in his Initial Report at pp. 2-6, adopted the Court's tentative conclusions regarding these documents and denied the privilege claims of *all* KPMG Client Representation and Opinion Letters. The Special Master erred by relying on the tentative conclusions of the Court and failing to consider the declarations with respect to these documents.

3

**B.      The 26 U.S.C. § 7525 Privilege Applies to Documents Containing Portions of or Describing Edits to KPMG Opinion Letters and KPMG Client Representations Letters**

The Special Master also recommended the production of certain documents containing portions of the KPMG Opinion or Client Representation Letters, internal KPMG e-mails discussing changes to the KPMG Opinion or Client Representation Letters, and editorial changes requested by a client to KPMG Opinion or Client Representation letters. *See Second Rep.* at pp. 30-32, 35-36, 40-41, 44, 47, 64-65 (discussing Documents 60A, 171, 218, 392, 542, 543[5], 546, 779A , 872, 878, 915, 917, 929[6], and 1003.)

Yet these documents, like the KPMG Opinion and Client Representation letters, contain tax advice provided to KPMG clients by KPMG or confidential information provided to KPMG by its clients for the purpose of obtaining tax advice.  Therefore, they also are protected from disclosure under 26 U.S.C. § 7525.

**C.      Document 647 Is Privileged Under 26 U.S.C. § 7525**

Document 647 is a series of e-mails among KPMG personnel discussing edits to a draft KPMG Opinion Letter for a specific client.  Although the Special Master found that this document "contains no tax advice and therefore is outside the scope of § 7525" (*Second Rep.* at p. 39), Mr. Eischeid's declaration explains that this document reflects the content of the opinion letter prepared for [a specific KPMG client]." *Declaration Of Jeffrey Eischeid Regarding*

---

[5]      The Special Master recommended that two sentences in Document 543 discussing the Brown & Wood opinion letter be redacted.  However, the entire document should be protected from production because the remainder of the document involves portions of the KPMG Opinion Letter and is protected by § 7525.

[6]      The Special Master recommended that two sentences in Document 929 discussing the Brown & Wood opinion letter be redacted.  However, the entire document should be protected from production because the remainder of the document involves portions of the KPMG Opinion Letter and is protected by § 7525.

*Privileges Asserted On Behalf of KPMG LLP Clients (hereinafter "Eischeid Dec.")* at ¶ 79.

KPMG submits that Document 647 is privileged pursuant to § 7525.

### D.    Document 922 Is Privileged Under 26 U.S.C. § 7525

Document 922 is a series of e-mails between KPMG personnel discussing edits to the

Opinion Letter of a specific KPMG client.  The Special Master found that this document is not

privileged because it discusses edits to a document (the KPMG Opinion Letter) that the Special

Master previously determined is not privileged.  He also found that the document "contain[s] no

tax advice."  *Second Rep.* at p. 44.  Yet this document "reflects federal tax advice concerning the

preparation of an opinion letter for [a specific KPMG client.]"  *Eischeid Dec.* at ¶ 145.  As

discussed in Section II.A. of the Memorandum of Law, KPMG Opinion Letters are entitled to

protection under 26 U.S.C. § 7525 because they provide confidential tax advice to a KPMG

client from a federally authorized tax practitioner.  Similarly, edits to drafts of the Opinion Letter

are entitled to the same § 7525 protection as the opinions themselves.  KPMG, therefore,

respectfully submits that Document 922 is privileged.

### E.    Documents 924 and 925 Are Privileged Under 26 U.S.C. § 7525

Documents 924 and 925 are e-mails between KPMG personnel discussing a transaction

of a specific KPMG client in connection with OPIS tax strategies.  The Special Master found that

these documents are not privileged because they discuss edits to documents (the KPMG Opinion

Letters) that he determined are not privileged, and he found that they "contain no tax advice."

*Second Rep.* at p. 44.  Yet they reflect federal tax advice provided to specific KPMG clients in

connection with OPIS tax strategies.  *See Eischeid Dec.* at ¶¶ 146-147.  Also, as discussed in

Section II.A. of the Memorandum of Law, KPMG opinion letters are entitled to protection under

26 U.S.C. § 7525 because they provide tax advice to a KPMG client from a federally authorized

tax practitioner—and similarly, edits to drafts of opinion letters are entitled to the same § 7525 protection as the opinions themselves.

**F.    Document 914 Is Privileged Under 26 U.S.C. § 7525 and the Attorney-Client Privilege**

Document 914 is a series of e-mails between KPMG personnel discussing a requested change to the KPMG Opinion Letter by legal counsel for specific KPMG clients. The Special Master determined that this document is not protected from disclosure under either the attorney-client privilege or the 26 U.S.C. § 7525 privilege because the e-mails "disclose no request for legal or tax advice or assistance . . ." *Second Rep.* at p. 65. However, the e-mails contain federal tax advice regarding the content of the KPMG Opinion Letter. *See Eischeid Dec.* at ¶ 143. Further, the e-mails also contain a request for federal tax advice from legal counsel for two of KPMG's clients. *Id.* As such, the document is protected under the 26 U.S.C. § 7525 privilege. And because the KPMG clients' counsel is making his request to KPMG in order to render legal advice to his clients, this document is also protected under the attorney-client privilege.

**G.    Document 1004 Is Privileged Under 26 U.S.C. 7525**

Document 1004 is an e-mail cover sheet discussing edits to the Opinion Letter of a specific KPMG client. The Special Master determined that this document is not privileged because it "discloses no tax advice to a taxpayer client required by § 7525 so as to protect it from production." *Second Rep.* at p. 47. However, this e-mail between federally authorized tax practitioners reflects "confidential federal tax advice regarding revisions to the . . . opinion letter [for a specific KPMG client]." *Eischeid Dec.* at ¶ 155. Similarly, edits to drafts of the opinion letter are entitled to the same § 7525 protection as the opinions themselves. Therefore, Document 1004 is privileged pursuant to § 7525.

**H.    Document 1015 is Privileged Under 26 U.S.C. § 7525**

Document 1015 is a series of e-mails between KPMG personnel and a partner with an accounting firm who was a joint tax advisor to a specific KPMG client. The Special Master found that this document is not privileged because there is "nothing in these e-mails that gives specific tax advice to a taxpayer client. This is a business related discussion." *Second Rep.* at pp. 47-48. However, these e-mails "reflect [the accountant's] request for federal tax advice regarding the impact of a Revenue Ruling on [the client's] . . . transactions." *Eischeid Dec.* at ¶158. As such, Document 1015 is protected from disclosure under 26 U.S.C. § 7525.

**I.    Document 375 Is Privileged Under 26 U.S.C. § 7525**

Document 375 is an e-mail between KPMG personnel who are federally authorized tax practitioners, attaching documents, including the KPMG Opinion Letter, for a specific KPMG client and a memorandum regarding an analysis of alternatives for a specific KPMG client. *See Eischeid Dec.* at ¶48. The Special Master recommends that this document be produced stating that it "contains no tax advice to a client taxpayer but rather instructional information from one KPMG office to another office." *Second Rep.* at p. 34. The e-mail message discusses tax advice for a specific KPMG client regarding the transaction, *see Eischeid Dec.* at ¶48, and it is therefore privileged under 26 U.S.C. § 7525.

**J.    Documents 1089, 1090, 1091, 1096, 1097, 1099, 1101, 1105, 1108, 1110, 1111, 1112, 1116, and 1117 Are Privileged Under 26 U.S.C. § 7525**

Documents 1089, 1090, 1091, 1096, 1097, 1099, 1101, 1105, 1108, 1110, 1111, 1112, 1116 and 1117 are copies of the same KPMG memo to file discussing tax return reporting methodologies with respect to a specific client. The Special Master recommends that the documents be produced. *Second Rep.* at pp. 49-50. KPMG respectfully submits that the Special Master erred. In reaching this conclusion, he embraced an overbroad notion of what tax matters

are a part of the tax return preparation process. *See Eischeid Dec.* at ¶ 167. The documents at issue were not prepared simply for the purpose of preparing a tax return and their content is not information that will be disclosed on a tax return. They are privileged pursuant to 26 U.S.C. § 7525.

### K.    Documents 1095, 1098 and 1106 Are Privileged Under 26 U.S.C. § 7525

Documents 1095, 1098 and 1106 are copies of the same e-mails (or portions of the same e-mail exchange) discussing an IRS notice. The Special Master applies the same analysis to this set of e-mails as discussed in Section J, *supra*.

However, these documents contain federal tax analysis and advice, and reflect confidential communications with specific KPMG clients regarding the FLIP transaction. *See Eischeid Dec.* at ¶¶ 170, 173 and 179. The tax advice described above was not part of the return preparation process. *Id.* They are privileged pursuant to 26 U.S.C. § 7525.

### L.    Documents 377, 379, 384, 492, 679, 680, 681, 687, 702, 1016, 1017 and 1018 Are Privileged Under 26 U.S.C. § 7525

The documents listed above are e-mails and letters from KPMG to its specific clients containing substantive tax advice relating to transaction fees. The Special Master found that these documents consist of information used in preparation of a tax return and therefore should be produced. *Second Rep.* at pp. 34-35, 40, 48. KPMG respectfully submits that these documents explain the tax effect of the payment of invoices and transaction fees before year end. *See, e.g., Eischeid Dec.* at ¶¶ 49-51, 57, 85-88, 90, 159-61. This tax advice is no different than the advice contained in KPMG's Opinion Letter and is protected by § 7525. Therefore, KPMG submits that these documents are privileged pursuant to 26 U.S.C. § 7525.

### M.     Document 316 Is Privileged Under 26 U.S.C. § 7525

Document 316, an internal KPMG memorandum regarding edits to a KPMG opinion letter for a specific KPMG client, states that a footnote from the opinion containing a certain representation should be deleted.  The Special Master found that the document is not privileged and should be produced.  This document contains confidential information obtained from a specific KPMG client that was used by KPMG's federally authorized tax practitioners in rendering federal tax advice to the client.  *See Eischeid Dec.* at ¶¶ 17, 43.  It is therefore privileged under 26 U.S.C. § 7525.

### N.     Document 1001 Is Privileged Under 26 U.S.C. § 7525 and the Attorney-Client Privilege

Document 1001 is a series of intra-KPMG e-mails reflecting confidential communications with a Brown & Wood attorney, and further reflecting the contents of KPMG's opinion letter for a specific KPMG client.  *See Eischeid Dec.* at ¶ 152.  Although the Special Master determined that none of the three privileges apply, this document is privileged under both the attorney-client and § 7525 privileges.  The e-mails discuss Brown & Wood's contributions to a KPMG Opinion Letter for a specific client who is also Brown & Wood's client.  Therefore, they are privileged under the client's attorney-client privilege.  Second, this document discusses the content of a specific client's tax opinion letter, see *Eischeid Dec. at* ¶152, and it is thus privileged under § 7525 -- as are edits to these opinion letters.

### O.     Documents 370 and 371 Are Privileged Under 26 U.S.C. § 7525 and the Attorney-Client Privilege

Documents 370 and 371 contain communications between attorneys representing a specific KPMG client and that client regarding that client's request for legal advice.  Although the Special Master found that these are not privileged,  these documents reflect a client's request

for legal advice from his lawyer and a federally authorized tax practitioner's transmittal of this request for legal advice. *See Eischeid Dec.* at ¶¶ 46-47. Therefore, they are privileged under the attorney-client privilege and § 7525.

**P.    Document 928 Is Privileged Under the Attorney-Client Privilege**

Document 928 reflects a series of internal KPMG e-mails discussing the contents of portions of a legal opinion provided to a specific client by Brown & Wood. Although the Special Master determined that this document is not privileged, it is privileged under the client's attorney-client privilege.

**Q.    Document 393 is Privileged Under 26 U.S.C. § 7525**

Document 393 is an internal KPMG email between federally authorized tax practitioners. *See Eischeid Dec.* at ¶54. Although the Special Master determined that it is not privileged, in fact it contains requests for federal tax advice by the client, and it is therefore privileged under § 7525.

**R.    Document 815 is Privileged Under the Attorney-Client Privilege**

Document 815 is a draft of a confidential letter from KPMG to a client. Although the Special Master determined that it is not privileged, in fact the client's attorney-client privilege is applicable to this document because it reflects legal advice that was provided to the client by its outside counsel. *See Eischeid Dec. at* ¶ 99.

**S.    Document 890 is Privileged Under 26 U.S.C. § 7525**

Document 890 is an email between a federally authorized tax practitioner and a KPMG client. *See Eischeid Dec.* at ¶ 140. Although the Special Master found that it is not privileged, in fact it reflects tax advice between the firm and its client, and therefore it is privileged under § 7525.

**T.    Document 1045 is Privileged Under 26 U.S.C. § 7525 and the Attorney-Client Privilege**

Document 1045 is a letter from a federally authorized tax practitioner to a specific KPMG client regarding tax advice. The letter is copied to the client's attorney. *See Eischeid Dec.* at ¶ 162. Although the Special Master determined that this document is not privileged, in fact it is privileged under § 7525 and the attorney-client privilege.

**U.    Documents 1103 and 1104 are Privileged Under 26 U.S.C. § 7525 and the Attorney-Client Privilege**

Although the Special Master determined that these documents are not privileged, in fact they are emails between federally authorized tax practitioners and their clients, and the emails reflect tax advice to the client. The emails are therefore privileged under § 7525 and the attorney-client privilege.

**V.    Document 1048 Is Privileged Under 26 U.S.C. § 7525 and the Attorney-Client Privilege**

Document 1048 is an internal KPMG e-mail memorializing a discussion with an attorney at the law firm of Brown & Wood, regarding a discussion of a recent court decision and its effect on specific KPMG clients' transactions. Although the Special Master determined that this document is not privileged, in fact it is privileged since the taxpayers are the clients of both Brown & Wood and KPMG. The attorney-client relationship is between Brown & Wood and its clients and therefore both § 7525 and the attorney-client privilege protect it from disclosure.

**W.    Documents 1157 and 1160 Are Privileged Under 26 U.S.C. § 7525 and/or the Attorney-Client Privilege**

Documents 1157 and 1160 are Memoranda of Oral Advice memorializing conversations between KPMG and a specific KPMG client and between KPMG and the client's attorney. According to the Special Master, neither of these documents is privileged because they contain

no tax advice. *Second Rep.* at p.75. Further, the Special Master states that the documents are not covered under the attorney-client privilege because there is no indication that KPMG sought to become a client of the lawyer or to seek any legal advice from the lawyer. *Id.* at 75.

The Special Master, however, has found numerous other KPMG Memoranda of Oral Advice privileged under 26 U.S.C. § 7525. *See Second Rep.* at pp. 30-31. Further, "[e]ach KPMG Memorandum of Oral Advice contains federal tax advice from KPMG's federally authorized tax practitioners to KPMG clients." *Eischeid Dec.* at ¶19. Documents 1157 and 1160 should be afforded the same treatment and protected from disclosure under 26 U.S.C. § 7525. In addition, document 1157 should be protected from disclosure under the attorney-client privilege. The Special Master erred in focusing on KPMG's relationship with the attorney as opposed to the attorney's relationship with KPMG's client. KPMG is asserting the client's attorney-client privilege *on behalf* of its clients. KPMG's client's attorney is provided the information discussed in Documents 1157 in order to provide legal advice to his client.

## X.    Document 895 Is Privileged Under the Attorney-Client Privilege

The Special Master erroneously categorized Document 895 as a Category II Document (KPMG Opinion Letter) and recommended that the document be produced. *See Initial Rep.* at p. 5. However, Document 895 is a Category III Document (Brown & Wood Opinion Letter) and, like the other Category III Documents, is privileged pursuant to the attorney-client privilege. *See id.* at pp. 6-7.

## Y.    Document 1197 Is Privileged Under 26 U.S.C. § 7525

Document 1197 contains a series of intra-KPMG emails reflecting a request for legal advice from a KPMG employee to attorneys from the KPMG Office of General Counsel. "The emails also contain tax advice to be provided to a client in response to that client's request for tax

advice." *Declaration of John S. Baumann at* ¶ 47. In addition, the document discusses portions of the KPMG Opinion Letter for a specific client. The Special Master concluded that neither the attorney-client nor § 7525 privileges apply. *See Second Rep.* at p. 93. KPMG is not objecting to the Special Master's recommendation that KPMG's own attorney-client privilege does not apply to this document. Rather, KPMG objects only to the extent that the Special Master concluded that the KPMG client's § 7525 privilege did not apply. Because this document also discloses KPMG's federal tax advice to a specific client, it is protected from disclosure under 26 U.S.C. § 7525.

## Z.    Document 50 Is Privileged Under 26 U.S.C. § 7525

Document 50 was not addressed by the Special Master in either of his Reports. The document is a memorandum from one KPMG employee to another memorializing a conversation with a specific KPMG client and that client's legal counsel. In its Memorandum Opinion, the Court stated: "Presented with no further information, the Court is hard pressed to see how Document 50 was not prepared in conjunction with preparation of a tax return. Therefore, the Court cannot state with any confidence that the § 7525 Confidentiality Privilege extends to this document." *See United States v. KPMG LLP*, 237 F.Supp.2d 35, 43 (D.D.C. 2002).

Despite the Special Master's failure to address this document, it should be privileged under 26 U.S.C. § 7525. First, the author of the memo, a federally authorized tax practitioner, "provided federal tax advice regarding the potential impact of legislative proposals on [a specific KPMG client's] OPIS transaction." *Eischeid Dec.* at ¶ 21. Second, the document contained "confidential information obtained from [a specific KPMG client] regarding his intentions concerning the transaction." *Id.* As such, the document is protected from disclosure under 26 U.S.C. § 7525.

13

**AA.    Document 1049 Is Privileged Under The Attorney-Client Privilege**

Document 1049 is a confidential internal KPMG memorandum (with an attached diagram) referencing a discussion with an attorney from Brown & Wood regarding the FLIP transaction.  According to the Special Master, this document is not privileged under the attorney-client privilege because "this document has not been shown to have arisen by reason of an attorney client relationship between the lawyer and KPMG.  The discussion and diagram merely memorialize a business plan that has tax ramifications for their mutual clients."  *Second Rep.* at p. 83.  The Special Master also found that the document was not covered under the attorney work product doctrine.

KPMG is not asserting the attorney-client privilege on behalf of itself.  Rather, it is asserting the privilege on behalf of its client with respect to this client's relationship with Brown & Wood.  This document was located in a file relating to a specific KPMG client and is presumed to relate to the communication of federal tax advice to that client.  *See Eischeid Dec.* at ¶164.  Thus, this document is protected pursuant to the attorney-client privilege.

**BB.    Document 1090 Is Privileged Under 26 U.S.C. § 7525**

Document 1190 is an email exchange between KPMG personnel (all federally authorized tax practitioners) regarding an upcoming conversation with a KPMG client concerning a tax matter facing the client.  According to the Special Master, this document is not privileged because "[t]he emails contain no tax advice to a taxpayer client but instead raise a business matter issue."  *Second Rep.* at p. 51.  However, this document discusses confidential client information regarding a tax issue and further discusses the advice to provide to the client on a federal tax matter.  As such, it is protected from disclosure under 26 U.S.C. § 7525.

Respectfully submitted,

KING & SPALDING LLP          KRONISH LIEB WEINER & HELLMAN LLP


By: /s/ John M. Bray          By: /s/ Stephen D. Gardner
    John M. Bray              Stephen D. Gardner

A Member of the Firm          A Member of the Firm
1730 Pennsylvania Avenue, N.W.          1114 Avenue of the Americas
Washington, D.C. 20006-4706          New York, New York 10036-7798
(202) 737-0500          (212) 479-6000

Attorneys for KPMG LLP          Attorneys for KPMG LLP


OF COUNSEL:

Steven Gremminger
Associate General Counsel
KPMG LLP

15

## CERTIFICATE OF SERVICE

I, John M. Bray, attorney for the Respondent, hereby certify that a true copy of the foregoing, KPMG LLP Objections to and Motion to Modify the Special Master's Reports and Recommendations, Specific Objections to the Special Master's Reports and Recommendations and the Memorandum in Support of Objections to Reports and Recommendations, were this 8th day of December, 2003, filed electronically with the Court and served by causing a true copy to be delivered by first-class mail, postage prepaid to the following:

> Stuart D. Gibson
> Department of Justice
> Tax Division
> 555 Fourth Street, NW
> Room 6122
> Washington, DC 20001


> ___/s/ John M. Bray_____
> John M. Bray
> KING & SPALDING LLP
> 1730 Pennsylvania Avenue, N.W.
> Washington, D.C.  20006