UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>Petitioner,   )<br>)<br>v.   )  **Misc. No. 02–0295 (TFH)**<br>)<br>**KPMG LLP,**   )<br>)<br>Respondent.   ) | |

## ORDER GRANTING PETITION TO ENFORCE SUMMONSES

For the reasons discussed in the accompanying Memorandum Opinion, it is hereby

**ORDERED**:

1. The petition filed by the United States to compel KPMG LLP to comply in full with nine summonses issued by the Internal Revenue Service to KPMG between January 28, 2002 and May 3, 2002 [Misc. No. 02-0295 # 1] is **GRANTED**;

2. Within ten days, KPMG shall identify to the IRS any participants in tax shelters that it had previously withheld;

3. Under the jurisdiction granted to the Court by 26 U.S.C. §7402(a), if the statutory period for the assessment of additional taxes against the participants in the tax shelters whose identities had previously been withheld from the IRS (as referenced in paragraph 2, above) would have expired within sixty days following entry of this Order, that period is tolled until sixty days after entry of this order;

4. The Court having been advised by the parties that KPMG has waived all attorney-client and attorney work product privileges it had previously asserted as justification to withhold documents sought by the IRS with respect to the matters that are the subject of the IRS tax shelter

promoter penalty investigation of KPMG, KPMG shall produce to the IRS within ten days all such documents that it had withheld in response to any of the nine summonses at issue in this case;

    5. With the exception of the opinion letters issued by the Brown & Wood law firm or its successor, KPMG shall produce to the IRS within ten days all documents responsive to the summons issued January 28, 2002 related to the OPIS and FLIP transactions, including:

    A.    all documents KPMG claimed were subject to the 26 U.S.C. §7525 privilege;

    B.    all documents KPMG claimed were subject to an attorney-client privilege or the attorney work product privilege;

    C.    all responsive documents not provided to the Special Master before entry of his Final Report on October 9, 2003, including the documents this Court ordered KPMG to produce to the Special Master or that KPMG failed to produce;[1]

    D.    all responsive documents that contain information disclosed on tax returns or that support benefits claimed on tax returns;

    E.    all responsive documents disclosed to third-parties outside the context of a legally privileged relationship; and

    F.    all documents listed in the privilege logs available to the Special Master before he issued his Final Report that were not discussed by the Special Master in either report.

    6. Regarding the opinion letters issued by the Brown & Wood law firm or its successor, KPMG has the following two options:

---

[1] Paragraph 5.C. does not apply to any of the twenty-one documents from the November 5, 2003 privilege log which KPMG might believe are still privileged. <u>See</u> accompanying Memorandum Opinion at 23.

(1)  Should KPMG wish to do so, it has ten days from the date of this Memorandum Opinion and Order to submit to the Court a more individualized and detailed privilege log which shows why each Brown & Wood opinion letter should not be produced to the IRS.  The Court will then examine again those letters *in camera*, and the Court will notify the parties as to whether a public evidentiary hearing will occur and what witnesses shall be produced as to this issue.  At the conclusion of such review and possible evidentiary hearing, the Court will make a final determination as to whether the letters should be produced.

(2)  Alternatively, KPMG has the option of conceding this issue by filing a notice of the same within ten days of the date of this Memorandum Opinion and Order and then immediately producing the opinion letters to the IRS.

7.  Within ten days, KPMG will produce — or certify to the IRS that it has already produced — all documents responsive to the eight summonses other than the FLIP/OPIS summons, except for those documents that KPMG continues to withhold on a claim of privilege; and

8.  Within thirty days, counsel for KPMG and counsel for the United States shall confer about the documents sought in the remaining eight summonses that KPMG continues to withhold, if any, and submit to the Court a written status report describing those documents, and any issues that remain for the Court to decide.

**SO ORDERED**.

May 4, 2004                                             /s/
                                               Thomas F. Hogan
                                                  Chief Judge