**FILED**

**JUN  8 2004**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------x
UNITED STATES OF AMERICA,           :    CASE NUMBER: 1:02MC00295

        Petitioner           :    JUDGE: THOMAS F. HOGAN

  v.                                  :

KPMG LLP,                           :

        Respondent.          :
---------------------------------------------------------------x

## AGREED ORDER

Petitioner United States of America and respondent KPMG LLP are hereby ordered to follow the procedures set forth below in connection with petitioner's July 9, 2002 petition to enforce nine summonses, which petition was granted by Order of this Court entered on May 4, 2004.

    1.    On or before June 9, 2004, respondent shall, to the extent practicable, send notice to all persons ("Persons") that entered into transactions described in the eight summonses described in the petition, other than the FLIP/OPIS Summons, who have continued to instruct respondent to withhold documents from the IRS on the grounds of privilege. The notice to be sent to the Persons shall advise them of the requirement that respondent produce all of such Person's documents to the IRS in compliance with the summonses and this Order. The form of notice is attached hereto as Appendix 1 and shall be sent by overnight delivery service. The notice shall be sent by respondent to the last known address available to respondent and shall be accompanied by a copy of this Order and copies of all of such Person's documents that heretofore have been withheld from the IRS on grounds of privilege.

2. Any Person who wishes to object (an "Objecting Party") to the production of documents to the IRS by respondent may seek to intervene to be heard to support such objection by filing a motion with the Court on or before the date that is twenty-one days after the date on which notice was sent to such person pursuant to paragraph 1 of this Order. Any such motion to intervene shall be supported by a memorandum of law, appropriate affidavits setting forth the factual elements necessary to establish each claim of privilege, and a privilege log setting forth a comprehensive explanation for the assertion of privilege as to each document;

    a. the privilege log shall set forth each such document to which a claim of privilege is being asserted, its date, title, addressee(s), author(s), sender(s), recipient(s), copy(s) and its length in pages or other physical descriptions sufficient to permit accurate identification, a general description of its subject matter, and the precise grounds on which the Objecting Party claims it need not disclose the document;

    b. all papers filed in connection with such motion shall be served on both the United States and Respondent; and

    c. if the statutory period for the assessment of taxes against an Objecting Party would have expired within sixty (60) days of the resolution of any privilege claims brought thereby, under the jurisdiction granted to this Court by 26 U.S.C. §7402(a), that period is tolled until sixty (60) days after the resolution of any such privilege claims.

3.  Upon further Order of the Court, any Objecting Party may be called upon to appear in Court to present further testimony in open court supporting any claims of privilege asserted in a motion to intervene.

4.  Objecting Parties are hereby put on notice that the Court has reviewed the entire record in this case and determined that there does not appear to be sustainable grounds for the assertion of privilege for the great majority of documents as to which claims of privilege heretofore have been asserted. Objecting Parties are further put on notice that the Court will consider the imposition of sanctions for the assertion of frivolous or unsubstantiated claims of privilege.

5.  Any Person that fails to timely file a motion seeking to intervene conforming with paragraph 2 of this Order will be deemed to have conceded that no privilege attaches or that any claim of privilege has been waived, and respondent shall thereafter promptly produce to the IRS all documents previously withheld on behalf of any such Person.

6.  Within ten (10) days of respondent's receipt of a motion by any Objecting Party to intervene, respondent shall produce to the IRS copies of all documents relating to such Objecting Party except for those documents to which a privilege has been asserted in accordance with paragraph 2 of this Order.

7.  In the event that respondent identifies additional documents that may be responsive to any of the summonses, the procedures set forth in this Order shall apply for the resolution of any privilege claims that may arise with respect thereto.

8.  On or before July 8, 2004, counsel for KPMG and counsel for the United States shall confer about all outstanding issues relating to KPMG's compliance with the

summonses and submit to the Court a written status report describing any issues remaining for the Court to decide.

**SO ORDERED.**

Dated: June 8, 2004

_____
UNITED STATES DISTRICT JUDGE

## APPENDIX 1

### IMPORTANT NOTICE

### THIS REQUIRES YOUR IMMEDIATE ATTENTION

The Department of Justice has instituted a proceeding in the United States District Court for the District of Columbia to enforce nine summonses seeking certain documents and information from KPMG LLP ("KPMG"). Pursuant to your instructions, KPMG has heretofore withheld certain documents from the Internal Revenue Service ("IRS") on grounds of privilege. For your reference, enclosed with this letter are copies of any of your documents that have been so withheld from the IRS.

To persist in any claim of privilege or otherwise to assert any objection to the production of your documents to the IRS, you must act in a manner and in the time frame set by the Court in an Order dated June __, 2004. A copy of that Order is enclosed.

You may have received a previous notice regarding an Order issued by the Court on May 4, 2004 and taken action on the basis of that notice. THE COURT HAS ENTERED A NEW ORDER WHICH REQUIRES YOUR IMMEDIATE ATTENTION. We urge you to immediately seek advice from counsel regarding your rights under this new Order dated June __, 2004.

The Order provides that, if you wish to continue to assert any privilege over your documents or otherwise object to the production of your documents to the IRS, you must file a motion with the Court WITHIN 21 DAYS seeking to intervene to be heard to support such objection. Such a motion must be supported by a memorandum of law, an affidavit establishing the claim of privilege, and a privilege log setting forth a comprehensive explanation for the assertion of privilege as to each document. THE PROCEDURES SPECIFIED BY THE COURT IN THE ENCLOSED ORDER MUST BE FOLLOWED OR THE COURT WILL DEEM YOU TO HAVE CONCEDED THAT NO CLAIM OF PRIVILEGE ATTACHES OR THAT ANY POTENTIAL CLAIM OF PRIVILEGE HAS BEEN WAIVED.

If you do not file a motion with the Court within 21 days, the Court has directed that KPMG produce all of your documents to the IRS.

Your counsel will be able to advise you on how to comply with this notice. Again, we urge you to seek counsel immediately.

Dated: June __, 2004                             [Counsel for KPMG LLP]